STATE OF MAINE                                SUPERIOR COURT
                                              CIVIL ACTION
KENNEBEC, ss.                                 DOCKET NO. CV-03-107

ROCKWOOD DEVELOPMENT
CORPORATION,

        Plaintiff

        v.                                    **DECISION AND ORDER**

JOHN SHOSTAK, JR., CRAIG
SHOSTAK and MAINE
CENTREX CORPORATION,

        Defendants

This matter is before the court on Defendants' motion for summary judgment pursuant to M.R. Civ. P. 56.

This case involves a dispute between siblings who, prior to September 10, 2001, were in joint ownership of the Plaintiff Rockwood Development Corporation (hereinafter "the Plaintiff" or "Rockwood"). In March of 2000, Rockwood entered into a contract with Maine Centrex Corporation (hereinafter "MCC"), a construction company, for the construction of an office building on the Whitten Road in Augusta (hereinafter referred to as "the Cumulus Project"). Construction of the Cumulus Project occurred between April and November of 2000. During that time, Defendants John Shostak, Jr. and his brother Craig Shostak (hereinafter "John" and "Craig", respectively) were both serving as officers and directors of Rockwood, along with their siblings Jeffrey, Diane, and Sharman Shostak. In addition, at all times relevant to this dispute, John owned and controlled MCC.

In its complaint filed May 16, 2003, Rockwood raises numerous claims against John and Craig stemming from the Cumulus Project[1]. In particular, the Plaintiff alleges that both John and Craig breached fiduciary duties owed to it by allowing Rockwood to be overcharged and by paying bills submitted by MCC without adequate supporting documentation. Rockwood also alleges that John and Craig breached a fiduciary duty owed to it by failing to obtain certain permits from the State Fire Marshall's Office prior to construction, thereby subjecting it to liability and unnecessary costs. Additionally, the Plaintiff contends that John and Craig breached a fiduciary duty owed by failing to take appropriate steps to oversee the project, by allowing payment for incomplete or defective work, and by failing to ensure that the project was completed in accordance with the contract. Rockwood also claims that John was unjustly enriched by receiving sums paid to MCC that were not owing, that John fraudulently misrepresented that MCC was entitled to payment for monies not owing, and that Craig breached an agreement with Kennebec Savings Bank that was intended to benefit Rockwood. Finally, the Plaintiff also raises claims for punitive damages against both Defendants.

Prior to the filing of the present complaint, John and Craig had been engaged in other litigation with their siblings concerning another family business venture. Pursuant to a settlement agreement negotiated in the case of *John and Craig Shostak v. Shostak Construction Co., et al.,* KENSC-CV-99-138, Rockwood redeemed the shares of stock held by the Defendants, and the Defendants resigned their positions within the

---

[1] The Plaintiff also raises various claims against MCC in its complaint. By Order of the Court dated June 11, 2004 (Marden, J.), these claims were dismissed. The dismissal resulted from Plaintiff's failure to comply with a prior Order of the Court, dated April 8, 2004 (Marden, J.), requiring Rockwood to initiate arbitration proceedings as mandated by the Cumulus Project contract. It should also be noted that the count numbers referred to in the Plaintiffs brief do not all correspond with the count numbers appearing in the complaint. Presumably, this is because the Plaintiff chose to reference various claims discussed in its brief according to the count numbers appearing in its amended complaint, which was rejected by Order of the Court, dated November 3, 2003 (Marden, J.). This memo will refer to the claims discussed according to the count numbers appearing in the original complaint, which is presently operative.

company. Also, the parties executed a mutual release which states, in part, that John and Craig are forever discharged:

"of or from any and all manner of actions, suits, damages, attorney fees, and claims of whatsoever kind or nature, whether known or unknown, suspected or unsuspected, now existing or which may result from the existing state of things, as of the effective date of this Agreement, which [Rockwood and John and Craig's siblings] ever had or now have, in any way related to the business of [Rockwood]".

However, the release specifically excludes six unresolved matters existing between the parties, described in detail in an Order of the Court dated August 22, 2001. Among the matters excepted from the scope of the release are whether a charge by MCC to Rockwood of $1,082,276 is supported by the documentation (hereinafter "exception 2"), and whether a State Fire Marshal's permit should have been issued and, if so, who bears the present responsibility for its accomplishment (hereinafter "exception 3"). The parties signed the mutual release on September 10, 2001.

The Law Court has explained that:

Summary judgment is no longer an extreme remedy. It is simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding. Summary judgment is properly granted if the facts are not in dispute or, if the defendant has moved for summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law.

*Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22. Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but

only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

The Defendants assert that because all of the activities for which Rockwood has brought suit occurred during 2000, the Mutual Release bars said claims unless they fit into one of the six aforementioned exceptions. Moreover, John and Craig point out that of the exceptions described in the Court's August 22, 2001 Order, four of them form no part of the existing lawsuit. As for the two exceptions recited above, although the Defendants concede that they relate to matters referenced in the complaint, they assert that no potential claims against them have been preserved.

John and Craig note that any exception to the generality of a Mutual Release must be clearly specified. *See Norton v. Benjamin*, 220 A.2d 248, 253 (Me. 1966) (One who purports to release all claims should clearly specify any that he intends to reserve). The Defendants contend that because the breach of fiduciary duty and other claims asserted against them are not clearly preserved in the Mutual Release, they are barred by the general release of all claims. Moreover, the Defendants point out that under Maine law, a contract is to be "construed with regard for the subject matter, motive and purposes of the agreement, as well as the object to be accomplished". *V.I.P., Inc. v. First Tree Development Limited Liability Co.*, 2001 ME 73, ¶ 3, 770 A.2d 95, 96 (citations omitted). John and Craig suggest that they ceased their involvement in Rockwood expecting to make a "clean break" with the corporation and the other shareholders, and to allow

litigation against them for their actions as officers of that company would violate the intent and spirit of the release.

In its opposition, the Plaintiff suggests that the fourth of the enumerated exceptions noted in the August 22nd Order is also pertinent to the claims raised in its complaint. This exception reads: "whether as-built drawings, manufacturer's warranties, submittals or operation/maintenance manuals for the Cumulus Project were delivered to Rockwood" (hereinafter "exception 4"). Furthermore, the Plaintiff contends that its claims fall well within exceptions 2, 3, and 4 to the Mutual Release. Rockwood rejects the notion that because each of the issues in the August 22nd Order were described generally, the release precludes it from specifying with particularity the legal basis for the claims presently before the Court. Moreover, the Plaintiff contends that the Defendants' argument would only be valid if the release exceptions referred to specifically plead claims to be set forth in a complaint, as opposed to a general identification of issues. Rockwood points out that it would have been impossible to articulate a fully plead pleading at the time the release was executed. By way of example, the Plaintiff notes that as of September 10, 2001, the methods and extent of the overcharges had not yet been identified, and hence the breaches of fiduciary duty had not been discovered.

With specific reference to count I of the complaint, the Plaintiff asserts that exception 2 provides the legal basis for it to proceed. Particularly, Rockwood contends that a determination of whether John and Craig breached their fiduciary duties by causing Rockwood to make payments without supporting documentation, by allowing it to be overcharged, and by failing follow the contract are squarely within the terms of exception 2. Additionally, Rockwood points out that at the time the release was executed, it was aware only that an accountant's review had not been completed and

that the Defendants were the ones who handled the payment process between Rockwood and MCC.

As for count II, the Plaintiff believes that the breach of fiduciary duty claim asserted against John and Craig for failing to obtain State Fire Marshall's permits falls within exception 3. Additionally, Rockwood points out that as of September 10, 2001, the ramifications of the failure to obtain the permit were not yet known.

With regard to the breach of fiduciary duty claims asserted against the Defendants in count III, Rockwood contends that exceptions 2, 3, and 4 all apply. The Plaintiff specifically notes that these claims fall within exception 4 because, for example, Craig authorized full payment to MCC for the roofing warranty despite the failure of MCC to supply the warranty and comply with its terms.

With respect to the unjust enrichment claim asserted against John in count VI, Rockwood contends that this claim is addressed by exception 2. The Plaintiff asserts that John was the 100% owner of MCC and personally received the profit for the Cumulus Project. Also, Rockwood asserts that the issue of whether John has any legal protection by virtue of his ownership of MCC is wholly unrelated to the issues on summary judgment here. Likewise, the Plaintiff asserts that the fraudulent misrepresentation claim in count VII also falls under exception 2. Specifically, Rockwood notes that John's providing of requisitions for costs not permitted by the agreement, not adequately supported by documentation, and for work known to be substandard or defective are all pertinent to exception 2 and must be allowed to proceed.

Additionally, in Rockwood's view, the third party beneficiary claim asserted against Craig in count VIII also falls squarely within exceptions 2, 3, and 4. In support of its position, the Plaintiff points out that Craig repeatedly allowed invalid requisitions

to be paid, knowingly permitted defective and substandard work to be performed and paid for while not requiring MCC to correct the defects, and authorized full payment to MCC before it had completed its obligations under the contract.

Finally, with regard to the claim for punitive damages asserted against both Defendants in count IX, Rockwood notes that the claim arises directly out of the breaches of fiduciary duty and misconduct which, as described above, fit within the exceptions to the release. Hence, summary judgment should not be granted on this count either.

Although the parties have not framed it as such, the dispositive issue before the Court is really one of contract interpretation. Particularly, the Defendants ask the Court to adopt their reading of the August 22nd Order, incorporated into the Mutual Release by reference, which would prohibit the Plaintiff from bringing the various claims set forth in its complaint because they do not fall within the exceptions provided for. Conversely, the Plaintiff requests that the Court adopt its view that the Release merely outlines general issues still in dispute, and does not foreclose the possibility of asserting specific causes of action to be determined and plead at a later date.

Whether a contract is ambiguous, and if unambiguous, the interpretation of that contract, are questions of law. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 16, 843 A.2d 43, 49 (citations omitted). Contract language is ambiguous when it is reasonably susceptible to different interpretations. *See Id.* In this case, there is no dispute as to the existence or content of the Mutual Release, or the circumstances under which it was entered into[2]. Moreover, it is clear that the Mutual Release unambiguously

---

[2] The Plaintiff has attempted in its opposition to qualify or deny certain of the factual assertions set forth in Defendants' statement of material facts. Because the Plaintiff has failed to support any such denial or qualification with a citation to admissible evidence of record, all properly supported facts presented by the Defendants are deemed admitted. *See* M.R. Civ. P. 56(h)(2) & (4).

contemplates the potential litigation of issues pertinent to the six enumerated exceptions. Indeed, any suggestion to the contrary is patently unreasonable given the plain language of the agreement. In particular, it is evident that at the time the Release was executed, the parties contemplated the existence of unknown claims arising out of Rockwood's business. Although this acknowledgement appears in a paragraph absolving the Defendants of any potential liability, the very next paragraph, espousing exceptions to the general release, can only be read to reserve unknown or unsuspected claims against John and Craig related to the business of Rockwood. Furthermore, given the parties' awareness that then unknown or unsuspected claims may eventually come into focus, the Release does not, as a matter of law, preclude the Plaintiff from articulating facts relative to those exceptions in a subsequent pleading.

As for the individual claims referenced in the Plaintiff's brief, they all fall within exceptions to the general release. Specifically, considering the various allegations made in light of the plain language of the exceptions, count II is clearly within exception 3, and counts I, III, VI, VII, VIII and IX[3] are within the scope of exception 2.

The entry will be:

Defendants' motion for summary judgment is DENIED.

Dated: _Jan 27, 2007_

Donald H. Marden
Justice, Superior Court

---

[3] Under limited circumstances, Maine law permits an award of punitive damages where a fiduciary duty has been breached, see *Waxler v. Waxler*, 1997 ME 190, ¶¶ 15-16, 699 A.2d 1161, 1165, and where a fraudulent misrepresentation is deemed to have occurred, see *St. Francis De Sales Fed. Credit Union v. Sun Ins. Co. of N.Y.*, 2002 ME 127, 818 A.2d 995.

ROCKWOOD DEVELOPMENT CORPORATION - PLAINTIFF
54 CONY ROAD
AUGUSTA ME 04330
Attorney for: ROCKWOOD DEVELOPMENT CORPORATION
STEPHEN E F LANGSDORF   - RETAINED 05/16/2003
PRETI FLAHERTY ET AL
PO BOX 1058
45 MEMORIAL CIRCLE
AUGUSTA ME 04332-1058


vs
JOHN SHOSTAK JR  - DEFENDANT
18 BUENA VISTA DRIVE
AUGUSTA ME 04330
Attorney for: JOHN SHOSTAK JR
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447


CRAIG SHOSTAK  - DEFENDANT
391 EASTERN AVENUE
AUGUSTA ME 04330
Attorney for: CRAIG SHOSTAK
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447


MAINE CENTREX CORPORATION - DEFENDANT
18 BUENA VISTA DRIVE
AUGUSTA ME 04330
Attorney for: MAINE CENTREX CORPORATION
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2003-00107


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 05/16/2003


## Docket Events:
05/16/2003 FILING DOCUMENT - COMPLAINT FILED ON 05/16/2003

05/16/2003 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
           ATTORNEY - RETAINED ENTERED ON 05/16/2003
           Plaintiff's Attorney: STEPHEN E F LANGSDORF

05/16/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/16/2003
           Plaintiff's Attorney:  STEPHEN E F LANGSDORF
           MAILED TO ATTY. OF RECORD.

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-107
DHM- KEN - 1/12/2006

ROCKWOOD DEVELOPMENT
CORPORATION,

Plaintiff

v.

JOHN SHOSTAK, JR., *et al.*,

Defendants

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JAN 1 9 2007

This matter is before the court after bench trial. The original complaint was brought against John Shostak, Jr., Craig Shostak and Maine Centrex Corporation. John Shostak, Jr. and Craig Shostak are brothers. John Shostak, Jr. is sole owner of Maine Centrex. The complaint accuses John Shostak, Jr. and Craig Shostak of breach of their fiduciary duties in their relationship to plaintiff corporation arising out of a construction contract between Rockwood Development Corporation ("Rockwood") and Maine Centrex Corporation ("Maine Centrex") wherein Maine Centrex constructed a building on property of Rockwood in the cities of Augusta and Hallowell. In addition to the breach of fiduciary claims, Rockwood alleges breach of contract and warranty claims against Maine Centrex, unjust enrichment and fraudulent misrepresentation against John Shostak, Jr. and breach of a third-party beneficiary agreement against defendant Craig Shostak. Finally, the complaint asks for punitive damages against Maine Centrex, John Shostak, Jr. and Craig Shostak.

There is an extensive history of litigation between John Shostak, Jr. and Craig Shostak on the one hand and Diane Shostak and Jeffrey Shostak, present owners of Rockwood, on the other. Substantial proceedings and claims have been heard by the

court between the brothers and sister arising out of the ownership and attempted liquidation of Rockwood, all a matter of record.

The four Shostaks herein mentioned along with Sharmin Shostak are all children of John Shostak, Sr., the founder of Shostak Construction Corporation. Previous litigation did not include Rockwood as a party (*see* CV-99-138). That matter resulted in a settlement agreement between the children in which they each executed mutual releases purporting to be a complete release of all claims between the parties of whatever kind as of the effective date of the agreement, dated September 10, 2001. The releases, however, did not cover items particularly stated in this court's order of August 22, 2001, wherein the court recognized that the parties agreed on six items that were not resolved by the agreement nor waived by the releases. Within the context of this matter, only two are applicable. However, defendants have asserted as an affirmative defense the effect of the releases to bar any claim for breach of fiduciary duty on the part of the defendants while they were officers and directors of Rockwood Development and any other common law claims which have been alleged in the complaint.

As has become obvious from the evidence, particularly an examination of the corporate minutes of shareholder meetings and board of director meetings of the plaintiff corporation, a great degree of sibling distrust has existed and continues to exist between the two camps – John, Jr. and Craig in one camp and Jeffrey and Diane in the other. A fifth sibling, Sharmin, has not involved herself in this or previous litigation and appears to have made continued attempts to participate in a business-like manner without deference to either camp.

The court must first address the issue of the mutual releases. First, the court takes judicial notice of the circumstances existing at the time of the settlement

agreement since it is the same court that presided over those proceedings. This court's order particularly exempted from the settlement agreement, and therefore the releases, the following two matters:

(a) Whether the charge by Maine Centrex to Rockwood of $1,082,276 is supported by the documentation?

(b) Whether a State Fire Marshal's permit should have been issued and, if so, who presently bears the responsibility for its accomplishment?

There were other exceptions listed in the court's order not in issue under this complaint.

The effect of the settlement agreement was to cause John Shostak, Jr. and Craig Shostak to sell their interest in Rockwood Development to Diane and Jeffrey Shostak and to otherwise remove themselves from involvement in the plaintiff corporation. It places Diane and Jeffrey Shostak in ownership and control of the corporation. While there were numerous disagreements between the camps regarding the operation of Rockwood while in the hands of John and Craig Shostak, the releases were to settle all matters in that respect except the final issues remaining of the Maine Centrex contract since it was clearly asserted at the time that Diane and Jeffrey Shostak believed that John and Craig Shostak had enriched themselves at the expense of Rockwood Development and therefore depleted its value prior to transfer of ownership to Diane and Jeffrey Shostak. Therefore, the accountability arising out of the construction contract with Maine Centrex was the remaining matter to be resolved. Inasmuch as Rockwood Development was not a party to the previous litigation, an action between shareholders, it could not settle any corporate claims it had against Maine Centrex or any derivative actions against its officers. Although it was not a party to CV-99-138, Rockwood did execute a mutual release of John and Craig as part of the settlement. However, the clear intent of the parties was to leave the final issues with regard to

Maine Centrex to be determined. Therefore, except as noted, the assertion by the defendants that the plaintiff has waived any claim it has against them by virtue of their actions as officers and directors of Rockwood Development in the Maine Centrex transaction must be denied.

The second procedural matter to be addressed in the history of this case is the status of Maine Centrex. The construction contract between Rockwood and Maine Centrex utilized a standard form of agreement between owner and contract containing a provision for mandatory binding arbitration. When this action was initiated, Maine Centrex moved to remove the court proceeding as against it in this litigation because of the requirement in the contract, fully supported by Maine law, to require the parties to send those claims to arbitration. The court ordered that to be done. The plaintiff neglected to do so within the period of time allowed. Therefore, Maine Centrex has been dismissed from this action with prejudice.

As a business corporation, the claims of the plaintiff are governed by its corporate record and the relationship of the parties to that corporation. A recitation of the events in proper chronology is important to understand the analysis by the court in applying the law. On July 28, 1999, a special meeting of the directors of Rockwood was held. Directors Craig, John, Jr., Jeffrey and Diane Shostak were present with Sharmin Shostak present by telephone. Also present was an attorney representing John, Jr. and Craig Shostak, an attorney representing Jeff Shostak, an attorney representing Rockwood and an attorney by telephone who was the clerk of the corporation. Among other business transacted at that meeting was a motion by John Shostak, Jr. that the president and vice-president, Craig and John Shostak, Jr., be authorized to continue negotiations and to consummate the transaction, including construction, with Cumulus (Broadcasting Company) to construct a building to be owned by Rockwood and leased

to Cumulus for a term of not less than 10 years. The motion was adopted with John, Jr., Craig and Sharmin voting in favor and Diane and Jeff opposed. At that meeting, counsel for Jeff Shostak asserted that inasmuch as Maine Centrex, the company to undertake the construction, is wholly owned by John Shostak, Jr., the vote was void due to John's conflict of interest.

The next meeting of significance was a special meeting of the shareholders held October 12, 1999. Present were John Shostak and Craig Shostak, shareholders, with the attorney for the corporation. Shareholder Sharmin Shostak was present by proxy given to Craig. Also present was the clerk. On motion made by Craig Shostak and seconded by John Shostak, Jr., a vote was taken to authorize the president and vice-president to continue negotiations and to consummate the transaction, including construction, with Cumulus (Broadcasting Company) to construct a building to be owned by Rockwood and leased to Cumulus for a term of not less than 10 years. The motion carried with three in favor and none opposed.

On December 7, 1999, the annual meeting of shareholders of Rockwood was held with president Craig Shostak calling the meeting to order. Present in person were shareholders John Shostak, Jr. and Craig Shostak; present by telephone were shareholders Jeffrey Shostak, Diane Shostak and Sharmin Shostak. Also present were the attorney for the corporation, the clerk of the corporation, and an attorney, also by telephone, representing Jeffrey and Diane. At that meeting, Craig Shostak nominated a slate of three directors, John, Craig and Sharmin. The motion for the election was passed with John, Craig and Sharmin voting in favor, Diane Shostak opposed and Jeffrey Shostak abstaining. Also at that meeting, the shareholders reviewed the Cumulus Broadcasting Company proposal for a lease. While the minutes reflect a large number of questions being asked in regard to the proposal, it appears that there was no

vote taken, assuming that Craig, the president, had the authority to execute the lease on behalf of Rockwood. The lease in question was to be on the property of Rockwood in a building to be constructed by Maine Centrex on behalf of Rockwood. That lease was executed on March 7, 2000, between Rockwood Development and Cumulus Broadcasting and executed by Craig Shostak as president of Rockwood. The property subject to the lease was identified by plot plan and building blueprint.

On March 21, 2000, a standard form of agreement between owner and contractor was executed between Rockwood as owner and Maine Centrex as contractor. Included and incorporated in the contract was an AIA document titled, "General Conditions of the Contract for Construction." This contract was signed by Craig Shostak as president of the owner, Rockwood, and John H. Shostak as president of the contractor, Maine Centrex. It was a cost plus contract consisting of cost of the work as defined and the contractor's fee, recited as 10% of the cost of work.

On May 10, 2000, a special meeting of the board of directors of Rockwood was held. In attendance were directors Sharmin Shostak, John Shostak and Craig Shostak along with clerk of the corporation. In the minutes is particular note of a lawsuit filed by Jeff and Diane. Craig Shostak made a motion that directors ratify the acts of the officers of the corporation in entering into a contract with Maine Centrex to construct the Cumulus project underway on the Rockwood property. Sharmin and Craig Shostak voted in favor of the motion while John abstained from both discussion and voting.

The annual meeting of the shareholders of Rockwood was held on December 5, 2000. It was conducted by conference call with John Shostak, Jr., Craig Shostak, Jeffrey Shostak, Diane Shostak and Sharmin Shostak all in attendance by phone as well as the attorney for the corporation and an attorney representing Jeff and Diane Shostak. At that meeting, the minutes reflect that Craig reported that the new building was

constructed, that it was occupied by the tenant in accordance with the lease and that the tenant was paying rent. John Shostak as treasurer reported that "the total cost for construction of the Cumulus project amounted to $1,073,000. Of this sum, Cumulus paid some $222,478 and $936,666 was borrowed from Kennebec Savings Bank."[1] Moving to the election of the board, Craig nominated John, Sharmin and Craig Shostak. Voting in favor of the motion were John and Craig Shostak; in opposition were Sharmin, Jeff and Diane Shostak. Sharmin then moved for a slate of directors to include John, Diane and Sharmin Shostak which was approved 3-2 with Diane, Jeff and Sharmin voting in favor.

From this history, the court makes, in particular, these observations:

Throughout 1999, 2000 and going into 2001, Jeffrey and Diane Shostak have been opposed to this project of Maine Centrex constructing a building for Rockwood. Throughout this same period of time, Sharmin Shostak, Craig Shostak and John Shostak, Jr. have been in favor. As disputes continued into a period at the end of the year 2000 when the Cumulus project was substantially and almost completely accomplished, John Shostak and Craig Shostak tired of the dispute and decided to sell out their interests in the plaintiff corporation. However, the responsibilities of Rockwood and Maine Centrex in respect to the contract had not been completed. The court makes particular note that by motion and vote of Sharmin Shostak, she brought the two camps together at a time when it was necessary to complete all of the Cumulus proceedings. As a result, in December of 2000 at the climactic point for proper completion of this project, the responsibility for Rockwood rested in its board made up of Diane Shostak, who had opposed the project, and John and Sharmin Shostak, who were in favor. Of particular significance is the fact that John continued as a member of

---

[1] The numbers do not add up but that is what the minutes say!

the board of directors with attendant authority. Furthermore, inasmuch as both Sharmin Shostak and John Shostak, Jr. were in favor of the project, they represented two-thirds of the board of directors and therefore had significant authority to control the activities of Diane Shostak, its newly elected president.

Under Maine law:

> The directors and officers of a corporation shall exercise their powers and discharge their duties in good faith with a view to the interest of the corporation and of the shareholders and with that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions.

13-A M.R.S.A. § 716 (statutory provision in existence during the time 1999, 2000 and 2001 of the activities in question.)

Title 13-A M.R.S.A. § 1717 provided that no transaction in which a director or officer has a personal or adverse interest shall be voidable solely for the reason that he participates in the meeting provided that material facts as to the interest are disclosed and known to the board and noted in the minutes and the action is approved or ratified by a vote sufficient for such purpose without counting the vote of the interested director or officer.[2]

It is well established that directors of a corporation occupy a fiduciary relationship to the stockholders. That relationship is similar to that of trustees and beneficiaries. *Livermore Falls Trust & Banking Co. v. Riley*, 108 Me. 17, 78 A. 980 (Me. 1911). While a director or officer stands in a fiduciary relationship to a corporation and shareholders, whether the officer is guilty of breach of the fiduciary duty or mismanagement in a particular case is a matter of fact dependent upon the circumstances of each case. *Atlantic Acoustical & Insulation Co. v. Moreira*, 348 A.2d 263

---

[2] The court finds nothing in the minutes to indicate the sole ownership of Maine Centrex in John Shostak, Jr. but the court takes judicial notice that all parties to this transaction were well aware of that circumstance.

(Me. 1975). It is not the role of the court to second guess particular business decisions honestly reached by those entrusted with the authority to determine what course of action best advances the well being of the enterprise. *Rosenthal v. Rosenthal*, 543 A.2d 348, 353 (Me. 1988) citing *Gay v. Gay's Supermarkets, Inc.*, 343 A.2d 580. *Rosenthal* further quotes *Politz v. Wabash Railroad*, 207 N.Y. 113, 124, 100 N.E. 721, 724 (1912) to the effect:

> Questions of policy of management, expediency of contracts or action, adequacy of consideration, lawful appropriation of corporate funds to advance corporate interest, are left solely to [the directors] honest and unselfish decision, for their powers therein or without limitation and free from restraint, and the exercise of them for the common and general interest of the corporation may not be questioned, although the results show that what they did was unwise or inexpedient.

*Rosenthal* goes on to state that this business judgment rule "does not, however, protect business decisions that result from fraud or bad faith." Citing *Gay v. Gay's Supermarkets, Inc.*, 343 A.2d at 580. This modification of the business judgment rule is reinforced in *Seacoast Hangar Condominium Ass'n v. Martel*, 2001 ME 112, 775 A.2d 1166 which discusses the concept of bad faith saying that it "imports a dishonest purpose and implies wrongdoing or some motive of self interest." It further quotes Black's Law Dictionary 134 (7th ed. 1999) as bad faith means, "Dishonesty of belief or purpose . . . "

The first issue to be addressed is the question of whether the State Fire Marshal's permit should have been issued and, if so, who presently bears the responsibility for its accomplishment. There was substantial evidence to support the view that such a permit was required and, in fact, arrangements have been made and estimates given for the reconstruction of certain areas to comply with the requirements of the State Fire Marshal's Office including handicapped access. The defendants presented evidence suggesting that they exercised due diligence in determining whether or not such was required and, to a large degree, place the responsibility on Jim Coffin Engineering, the designated architect in the construction contract.

As a matter of contract law, the General Conditions of the Contract for Construction which was incorporated and made a part of the construction contract between the owner and the contractor provides that the contractor, "Shall secure and pay for the building permit and other permits and governmental fees, licenses and inspections necessary for proper execution and completion of the Work which are customarily secured after execution of the Contract and which are legally required when bids are received and negotiations concluded." General Conditions of the Contract for Construction paragraph 3.7.1. In addition, miscellaneous costs allowed under the contract were, "Fees and assessments for the building permit and for other permits, licenses and inspections for which the Contractor is required by the Contract Documents to pay." Standard Form of Agreement Between Owner and Contractor, paragraph 7.1.5.3. Therefore, as a matter of contract, it clearly was the responsibility of Maine Centrex to acquire the permits. Maine Centrex has been dismissed from this proceeding with prejudice. The court finds no breach of fiduciary duty on the part of John Shostak, Jr. as officer, director and owner of Maine Centrex in conflict with Rockwood. It would appear to be contrary to John Shostak's interest to fail to undertake construction for which his corporation would be entitled to be reimbursed the cost plus 10%. Plaintiff Rockwood would be responsible for that cost in any event.

The second claim which has been alleged by the plaintiff is a claim of breach of fiduciary duty on the part of John Shostak, Jr. and Craig Shostak for failure to conduct proper oversight over the means of construction resulting in a warranty on roofing less than plaintiff believes is proper under this type of construction and deficiencies in certain concrete work showing inappropriate deficiencies as a result of normal wear and tear. The court must find for the defendants in this claim first because it is clearly beyond the scope of the exceptions to the releases and notwithstanding this court giving

a liberal interpretation to the releases in its order in order to address the issue of the accounting by the defendants and Maine Centrex regarding the contract, it believes that any such claim has been waived by the plaintiff. In addition, in the absence of evidence showing bad faith of oversight activities on the part of John Shostak, Jr., such work is the responsibility of Maine Centrex as the corporate party to the transaction.[3]

The final issue which is the gravamen of the exception to the releases in the court's order arises out of article 13.3 titled Final Payment of the standard form agreement between Rockwood and Maine Centrex executed March 21, 2000. The contract provides that final payment should be made by the owner to the contractor when the contract has been fully performed. It provides for a final accounting for the costs of work submitted by the contractor and reviewed by the owner's accountant and final certificate of payment. Specifically in the contract is the provision that, "Final payment shall be made within 15 days of submission of the Final Requisition by Contractor." This accounting has never been done because of a continuing attitude of distrust and bad faith between the parties. Plaintiff complains that John Shostak, Jr. and his corporation have refused to participate in the accounting and assert double payments, improper payments and other financial deficiencies supported by a review of the documents by Jeffrey Shostak. John Shostak, Jr. replies to such accusation that he did not submit his final requisition until 2001 at which time he no longer was in control of the books and records of Rockwood and, but for the refusal on the part of Diane Shostak to provide the records to the accountant, the contractual accounting would have been accomplished. This explanation is deficient for a number of reasons as shown by the evidence. John Shostak, Jr. and Craig Shostak were well aware of the

---

[3] The law acknowledges a certain degree of self-interest on the part of a director of a corporation, particularly if he or she is also a shareholder. The standard is whether that self-interest is exercised through dishonesty, bad faith or fraud.

short time span for accounting because they entered into a contract specifically modified to change the 30-day requirement in the standard language to 15 days thereby indicating an intent that time was of the essence. Secondly, John Shostak, Jr. did contact an accountant for purposes of conducting the final audit in October and was well aware that the contract was nearing completion which would trigger the 15-day requirement. In addition, in November of 2000, Craig Shostak notified the shareholders that the construction was essentially complete, that the tenant had moved in and was paying rent. Whether or not there were one or two or more small invoices to be satisfied at the time Craig Shostak and John Shostak, Jr. were in control of both Rockwood and Maine Centrex, they were aware of the essential requirement for an accounting, if for no other reason than to satisfy the presumption of conflict existing by the relationship of John Shostak, Jr. to both corporations. It must be remembered that John Shostak, Jr. and Craig Shostak represented two-thirds of the board of directors up to December 5, 2000, and the third director, Sharmin Shostak, had been in favor of the project from the very beginning.

Up to the annual meeting of shareholders of Rockwood on December 5, 2000, the defendants were in a clear position to initiate the accounting process. Contrary to defendants' argument in this case, as a result of the meeting of December 5, John Shostak, Jr. did not lose control over the records of Rockwood. He continued as a director of plaintiff corporation. To the extent that Diane Shostak, as president of the corporation, dismissed the accountant for purposes of retaining a different accountant, John Shostak, Jr. and Sharmin Shostak were in a position to dictate otherwise or, more appropriately, to see that the accounting took place immediately by the newly

designated accountant.[4] Therefore, throughout the entire period of October, November, December of 2000 and January of 2001, John Shostak, Jr., as a member of the board of directors of Rockwood, had a responsibility to see to full compliance with the construction contract.

This court interprets the conduct of John Shostak, Jr. in walking away from the entire transaction even while he continued as a member of the board of directors to be an action conducted in bad faith allowing his ill motivation toward Diane Shostak and Jeffrey Shostak to govern his conduct and to refuse to acknowledge his responsibilities as the responsible officer of Maine Centrex in his contract with Rockwood. This court finds that such ill will as evidenced by the failure of Craig Shostak to meet the responsibilities of the contract and John Shostak, Jr. by abandoning the final provision of the contract, to be breaches of their fiduciary duty to the shareholders and to Rockwood itself. This finding results from the consideration by the court of the question, "Whether the charge by Maine Centrex to Rockwood of $1,082,276 is supported by the documents?" There is no way for this court to determine whether or not such is the case in the absence of a full accounting conducted by a properly accredited accountant.

The court acknowledges that it received substantial evidence at the hearing as a result of Jeffrey Shostak's analysis of the account. However, this court is satisfied that Jeffrey Shostak operates from the same ill will toward Craig and John Shostak, Jr., as do Craig and John and does not find his conclusions credible, particularly in light of the

---

[4] There has been no evidence of bad faith to any degree by Sharmin Shostak throughout these entire proceedings. In fact, she appears to have undertaken a conciliatory action by her prevailing motion to elect both Diane Shostak and John Shostak, Jr. to the board of directors, representatives of the opposing camp on this entire issue.

testimony of Craig Shostak and John Shostak, Jr. in explanation of the allegations by Jeffrey Shostak.

The testimony of the accountant in this case made it clear that the accounting called for in the contract was to be conducted by an examination, document-by-document, of each invoice submitted by Maine Centrex to Rockwood and each payment by Rockwood to Maine Centrex. Such an accounting would determine whether or not underpayment or overpayment took place. This then would give an opportunity by an accountant knowledgeable in construction contracts to express an opinion whether certain charges and payments were proper under the contract in accordance with sound accounting principles. This is the information to which Rockwood is entitled as a matter of the law by its contract with Maine Centrex. By the same token, to the extent, if at all, Maine Centrex has submitted valid invoices not paid by the plaintiff, it is entitled to that reconciliation as well in accordance with the contract. The court makes further note that in the event of a discrepancy, the contract calls for arbitration of a disputed amount. Standard Form of Agreement Between Owner and Contract, paragraph 13.4.

In the final analysis, the breach of fiduciary duty by the defendants rests solely on their refusal to properly conduct an accounting. This court has no evidence of either defendant illegally receiving funds to which they were not entitled. In the absence of such evidence, the only measure of damages can be the costs of the completion of the accounting, unless the accounting shows otherwise. If the records are not complete at this point of time some years subsequent to the completion of the contract, it is the clearly the responsibility of the parties.

It shall be the order of this court that a final accounting for the Costs of Work submitted by Maine Centrex and reviewed by Rockwood's accountants shall be

conducted within 60 days with a final report issued to this court. Upon further written or oral argument by the parties, the court will determine whether further proceedings are necessary. The accounting shall be conducted by a certified public accounting firm knowledgeable in construction accounting to be selected by the plaintiff. Challenges to the qualification of the accounting firm may be made by the defendants in writing with response by plaintiff. Such challenges and response shall be taken into consideration in the court's analysis of the accountant's report.

The entry will be:

Judgment for defendants on counts II, III, IV, V, VI, VII, VIII and IX of plaintiff's complaint; it is ORDERED that plaintiff and Maine Centrex Corporation through John Shostak, Jr. shall submit to this court within 60 days a final accounting in accordance with the terms of the Standard Form of Agreement Between Owner and Contractor between Rockwood Development Corporation and Maine Centrex Corporation dated March 21, 2000; this court retains jurisdiction for purposes of final judgment in this case.

Dated: December____12___, 2006

Donald H. Marden
Justice, Superior Court

ROCKWOOD DEVELOPMENT CORPORATION - PLAINTIFF
54 CONY ROAD
AUGUSTA ME 04330
Attorney for: ROCKWOOD DEVELOPMENT CORPORATION
STEPHEN E F LANGSDORF  - RETAINED 05/16/2003
PRETI FLAHERTY ET AL
45 MEMORIAL CIRCLE
PO BOX 1058
AUGUSTA ME 04332-1058


VS
JOHN SHOSTAK JR  - DEFENDANT
18 BUENA VISTA DRIVE,
AUGUSTA ME 04330
Attorney for: JOHN SHOSTAK JR
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447


CRAIG SHOSTAK  - DEFENDANT
391 EASTERN AVENUE,
AUGUSTA ME 04330
Attorney for: CRAIG SHOSTAK
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447


MAINE CENTREX CORPORATION - DEFENDANT
18 BUENA VISTA DRIVE,
AUGUSTA ME 04330
Attorney for: MAINE CENTREX CORPORATION
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2003-00107

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 05/16/2003

## Docket Events:
05/16/2003 FILING DOCUMENT - COMPLAINT FILED ON 05/16/2003

05/16/2003 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
          ATTORNEY - RETAINED ENTERED ON 05/16/2003
          Plaintiff's Attorney: STEPHEN E F LANGSDORF

05/16/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/16/2003
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          MAILED TO ATTY. OF RECORD.

STATE OF MAINE                           SUPERIOR COURT
                                         CIVIL ACTION
KENNEBEC, ss.                            DOCKET NO. CV-03-107
                                         DHM - KEN - 9/18/2

ROCKWOOD DEVELOPMENT
CORP., *et al.*,

          Plaintiffs
                                         ENTRY OF
     v.                                  FINAL JUDGMENT

                                              DONALD L. GARBRECHT
JOHN SHOSTAK JR., *et al.*,                        LAW LIBRARY

          Defendants                          JAN 24 2008


Defendants have moved for entry of final judgment as to Count I of the

complaint, costs in due course pursuant to M.R. Civ. P. 54(d), and judgment in their

favor on a counterclaim in which they claim to be entitled to attorney's fees.

After a bench trial, this court entered judgment on December 12, 2006 in favor of

the defendants on counts II-IV, and ordered that as to Count I,

> [P]laintiff and Maine Centrex Corporation through John Shostak, Jr. shall
> submit to this court within 60 days a final accounting in accordance with
> the terms of the Standard Form of Agreement Between Owner and
> Contractor between Rockwood Development Corporation and Maine
> Centrex Corporation dated March 21, 2000.

The court found need for the accounting as a result of this series of events taken

from the court's order:

> This court interprets the conduct of John Shostak, Jr. in walking
> away from the entire transaction even while he continued as a member of
> the board of directors to be an action conducted in bad faith allowing his
> ill motivation toward Diane Shostak and Jeffrey Shostak to govern his
> conduct and to refuse to acknowledge his responsibilities as the
> responsible officer of Maine Centrex in his contract with Rockwood. This
> court finds that such ill will as evidenced by the failure of Craig Shostak to
> meet the responsibilities of the contract and John Shostak, Jr. by
> abandoning the final provision of the contract, to be breaches of their
> fiduciary duty to the shareholders and to Rockwood itself. This finding
> results from the consideration by the court of the question, "whether the

1

charge by Maine Centrex to Rockwood of $1,082,276 is supported by the documents?" There is no way for this court to determine whether or not such is the case in the absence of a full accounting conducted by a properly accredited accountant.

The court acknowledges that it received substantial evidence at the hearing as a result of Jeffrey Shostak's analysis of the account. However, this court is satisfied that Jeffrey Shostak operates from the same ill will toward Craig and John Shostak, Jr., as do Craig and John and does not find his conclusions credible, particularly in light of the testimony of Craig Shostak and John Shostak, Jr. in explanation of the allegations by Jeffrey Shostak.

The testimony of the accountant in this case made it clear that the accounting called for in the contract was to be conducted by an examination, document-by-document, of each invoice submitted by Maine Centrex to Rockwood and each payment by Rockwood to Maine Centrex. Such an accounting would determine whether or not underpayment or overpayment took place. This then would give an opportunity by an accountant knowledgeable in construction contracts to express an opinion whether certain charges and payments were proper under the contract in accordance with sound accounting principles. This is the information to which Rockwood is entitled as matter of the law by its contract with Maine Centrex. By the same token, to the extent, if at all, Maine Centrex has submitted valid invoices not paid by the plaintiff, it is entitled to that reconciliation as well in accordance with the contract. The court makes further note that in the event of a discrepancy, the contract calls for arbitration of a disputed amount...

In the final analysis, the breach of fiduciary duty by the defendants rests solely on their refusal to properly conduct an accounting. This court has no evidence of either defendant illegally receiving funds to which they were not entitled. In the absence of such evidence, the only measure of damages can be the costs of the completion of the accounting, unless the accounting shows otherwise. If the records are not complete at this point of time some years subsequent to the completion of the contract, it is the clearly [sic] responsibility of the parties.

First on February 16, 2007, and again on March 16, 2007, this court granted plaintiffs' motion to extend time within which to comply with the courts ordered accounting. In the March 16, 2007 order, this court stated that should the plaintiffs fail to conduct the accounting by March 27, 2007, defendants may conduct the accounting.

Defendants demonstrate that plaintiffs, despite two requests for time extensions, have failed to obtain an accounting. Despite the language in this court's order allowing for defendants to obtain an accounting should plaintiffs fail to, they have not. Both

2

parties are clearly in agreement that they don't want to further litigate this matter. Plaintiffs argue that proper entry would be judgment for plaintiffs as to Count I with no damages. Defendants argue on the other hand that entry on Count I should be for them, because it was plaintiffs' burden to prove Count I through the existence of overcharges and that they have failed to do so.

Defendants request in addition to doing away with Count I of the plaintiffs' original complaint, the court enter judgment for them on Count II of their Counterclaim for attorney's fees and that this court orders further proceedings to determine those fees in accordance with M.R. Civ. P. 54(b)(3). They have also asked for costs as a matter of course under M.R. Civ. P. 54(d), because they are the prevailing party. Defendants' counterclaim arises out of a release dated September 10, 2001 by the parties stating:

> In the event that Shostak Plaintiffs or Shostak Defendants breach this agreement, the other party may seek such injunctive relief, damages or other relief as is appropriate to remedy the breach. If legal action is commenced to enforce the agreement, the prevailing party may be entitled to reasonable attorney's fees and costs at the discretion of the court.

Plaintiffs contend that this court has ruled both in this case and previous litigation that defendants' claims do not arise under the mutual release or a February 13, 2001 settlement agreement. Particularly plaintiffs point to the court's January 27, 2005 order on summary judgment finding that the claims fell within exceptions to the mutual agreement. They thus argue that this court should find for the plaintiffs on defendants' counterclaim for attorney's fees.

Despite this, defendants claim that they were forced to defend against claims that did not fall under the mutual release exceptions and are thus entitled to attorney's fees. To wit, they argue that they were forced to defend against issues relating to construction of the concrete slab and roof, which were the "most important" claims in

3

the case. They were also forced to do an inspection of the Cumulus building to which a substantial amount of attorney's fees were devoted.

Costs

M.R. Civ. P. Rule 54(d) provides:

Costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs.

"Rule 54(d) clearly contemplate[s] that the allowance of costs to a prevailing party is almost automatic. Because the allowance of costs, then appears to be the general rule, it follows that disallowance of costs is something in the nature of a penalty." *Teel v. Young*, 389 A.2d 322, 324 (Me. 1978). Thus the only determination relevant to whether defendants are entitled to costs is whether they are the "prevailing party". In its judgment this court found that defendants had breached a fiduciary duty but in order to find the amount of damages attributable to that breach, an accounting was necessary. Neither party has provided an accounting. Plaintiffs argue that this means they prevail on Count I with no damages, defendants argue that this means that defendants simply prevail due to the absence of damages.

When engaging the question of who is the prevailing party the court should utilize a functional analysis, looking to the facts of the "lawsuit as a whole to determine which party was the 'winner' and which the 'loser'." *Landis v. Hannaford Brothers Co.*, 2000 ME 111, ¶ 6, 754 A.2d 958, 959 (quoting *Dodge v. United Services Automobile Association*, 417 A.2d 969, 975 (Me. 1980)). Determining who is the winning party relies on whether failure to show damages on the breach of fiduciary duty claim ameliorates the court's judgment that defendants breached their fiduciary duty, because surmising the "prevailing party" is based "upon the merits, not upon the damages." *Hoitt v. Hall*, 661 A.2d 669, 674 (Me. 1995). In its Decision and Order this court found that the actions

4

of the defendants constituted bad faith because they failed to do an accounting, defendants had breached a fiduciary duty, the "only measure of damages can be the costs of completion of the accounting, unless the accounting shows otherwise." There is no accounting here to either demonstrate or vitiate plaintiffs' claims of bad faith.

The substance of the plaintiffs' complaint on Count I was that defendants had breached their fiduciary duties,

> John Shostak, Jr. and Craig Shostak breached their fiduciary duties owed to RDC and its shareholders by, inter alia causing RDC to pay requisitions submitted by MCC without adequate supporting documentation or basis, failing to prevent RDC from being overcharged for certain costs and charges associated with the project, and failing to follow contractual procedure and standard practices, including failing to require that an accountant's review be completed before final payment was made to the contractor.

(Pls.' Complaint ¶ 14.)

The language of the count is not itself particularly informative, while one clause quite clearly deals with a failure to prevent overcharging another deals broadly with the failure to obtain an accountant's review. *Id.* However the count itself claims damages for breach of fiduciary duty, which begs the question whether the proof of a harm justifying damages is a precondition to prevailing on a fiduciary duty claim. *Id.* 13-15. In a case somewhat similar to this, the Connecticut Appeals Court found that harm is an essential element for breach of fiduciary duty, which is a tort:

> A party may recover for breach of loyalty in tort. In a tort action, harm is a necessary element of the prima facie case. If a party has suffered no demonstrable harm, and therefore, has no cause of action in tort, that party may be entitled, however, to nominal damages for breach of contract or to recover compensation paid during the period of the alleged breach. 'A failure of the agent to perform his duties which results in no loss to the principal may subject the agent to liability for nominal damages for breach of contract...to liability for any profits he has thereby made...to discharge...or to loss of compensation...but not to an action in tort.'

5

*News American Marketing In-Store v. Marquis*, 862 A.2d 837, 842-843 (Conn. App. Ct. 2004) (citations omitted).

Though in determining the "winner" and "loser", damages are not dispositive and the holding of a Connecticut Appeals Court is only advisory; this court found that the obligation of the accounting fell primarily on the party attempting to prove breach of fiduciary duty. This court flatly refused to answer the question on Count I *because* it believes an accounting was necessary to rule on Count I. Absent some indication that the plaintiffs were harmed by the defendants' actions an entry of judgment is appropriate for the defendant as prevailing party on Count I.

Attorney's fees

"Attorney fees 'may be awarded only when provided for by statute or agreement by the parties.'" *Seacoast Hangar Condominium II Assoc. v. Martel*, 2001 ME 112, ¶ 25, 775 A.2d 1166, 1172 (quoting *Elliott v. Maine Unemployment Ins. Comm'n*, 486 A.2d 106, 111 (Me. 1984)). Thus, in order for defendants to be entitled to attorney's fees they must demonstrate that they were so provided by the above mutual agreement. This court cannot agree with defendant's argument. This incidental work or expense does not qualify as "enforcement" of the mutual agreement and does not arise from a "breach" of the mutual agreement.

The entry is:

> Final judgment as to the remaining Counts: judgment for defendants on Count I of plaintiffs' complaint with costs in due course; judgment for plaintiffs on Counts I and II of defendants' counterclaim and no award of attorney's fees.

Dated: September 18, 2007

Donald H. Marden
Justice, Superior Court

6

ROCKWOOD DEVELOPMENT CORPORATION - PLAINTIFF
54 CONY ROAD
AUGUSTA ME 04330
Attorney for: ROCKWOOD DEVELOPMENT CORPORATION

PRETI FLAHERTY ET AL
45 MEMORIAL CIRCLE
PO BOX 1058
AUGUSTA ME 04332-1058

vs
JOHN SHOSTAK JR  - DEFENDANT
18 BUENA VISTA DRIVE,
AUGUSTA ME 04330
Attorney for: JOHN SHOSTAK JR
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

CRAIG SHOSTAK  - DEFENDANT
391 EASTERN AVENUE,
AUGUSTA ME 04330
Attorney for: CRAIG SHOSTAK
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

MAINE CENTREX CORPORATION - DEFENDANT
18 BUENA VISTA DRIVE,
AUGUSTA ME 04330
Attorney for: MAINE CENTREX CORPORATION
MARK FUREY  - RETAINED
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2003-00107

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 05/16/2003

## Docket Events:
05/16/2003 FILING DOCUMENT - COMPLAINT FILED ON 05/16/2003

05/16/2003 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
           ATTORNEY - RETAINED ENTERED ON 05/16/2003
           Plaintiff's Attorney: STEPHEN E F LANGSDORF

05/16/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/16/2003
           Plaintiff's Attorney:  STEPHEN E F LANGSDORF
           MAILED TO ATTY. OF RECORD.

05/29/2003 Party(s): CRAIG SHOSTAK
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/29/2003

05/29/2003 Party(s): CRAIG SHOSTAK
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/20/2003
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON CRAIG SHOSTAK.

05/29/2003 Party(s): MAINE CENTREX CORPORATION
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/29/2003

05/29/2003 Party(s): MAINE CENTREX CORPORATION
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/20/2003
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON MAINE CENTREX CORPORATION.

05/29/2003 Party(s): JOHN SHOSTAK JR
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/29/2003

05/29/2003 Party(s): JOHN SHOSTAK JR
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/20/2003
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON JOHN SHOSTAK, JR.

06/06/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/06/2003
          Defendant's Attorney: MARK FUREY
          DEFENDANTS' AGREED TO MOTION FOR EXTENSION OF TIME WITHIN WHICH TO ANSWER OR OTHERWISE
          DEFEND WITH INCORPORATED MEMEORANDUM OF LAW WITH PROPOSED ORDER.

06/18/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/12/2003
          JOHN R ATWOOD , JUSTICE
          THE DEFENDANTS ARE NOT REQUIRED TO ANSWER OR OTHERWISE DEFEND AGAINST THE COMPLAINT UNTIL
          10 DAYS AFTER THE DECISION ON THEIR MOTION TO COMPEL OR UNTIL 10 DAYS AFTER ARRBRITRATION
          IS COMPLETED.  COPIES ISSUED TO COUNSEL OF RECORD.

07/02/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION TO COMPEL ARBITRATION FILED ON 06/06/2003
          Defendant's Attorney: MARK FUREY
          DEFENDANT'S MOTION TO COMPEL THE PLAINTIFF TO ARBITRATE AND FOR AN ORDER STAYING ALL
          PROCEEDINGS IN THIS CASE PENDING THE COMPLETION OF ARBITRATION, MEMORANDUM OF LAW IN
          SUPPORT OF MOTION TO COMPEL, REQUEST FOR HEARING AND PROPOSED ORDER, FILED.

07/02/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/06/2003
          Defendant's Attorney: MARK FUREY
          DEFENDANT'S AGREED TO MOTION FOR EXTENSION OF TIME WITHIN WHICH TO ANSWER OR OTHERWISE
          DEFEND WITH INCORPORATED MEMORANDUM OF LAW AND PROPOSED ORDER, FILED.

07/02/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/12/2003
          JOHN R ATWOOD , JUSTICE
          DFTS. NOT REQUIRED TO ANSWER UNTIL 10 DAYS AFTER ARBITRATION, IF SAID MOTION IS GRANTED.
          COPIES MAILED TO ATTYS OF RECORD.

07/02/2003 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/27/2003
Plaintiff's Attorney: STEPHEN E F LANGSDORF
PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION,
FILED.

10/27/2003 HEARING - MOTION TO COMPEL ARBITRATION SCHEDULED FOR 11/25/2003 @ 9:00

11/05/2003 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
OTHER FILING - OTHER DOCUMENT FILED ON 11/05/2003
Plaintiff's Attorney: STEPHEN E F LANGSDORF
NOTICE OF VOLUNTARY DISMISSAL (RULE 40(A)(1)

11/05/2003 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 11/05/2003
Plaintiff's Attorney: STEPHEN E F LANGSDORF

11/05/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
MOTION - MOTION TO COMPEL ARBITRATION MOOT ON 11/05/2003
PURSUANT TO LETTER FILED BY ATTY LANGSDORF.

11/07/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
LETTER - FROM PARTY FILED ON 11/07/2003
Defendant's Attorney: MARK FUREY
LETTER INDICATING HIS DISAGREEMENT WITH THE MOTION BEING MOOT AND REQUESTS THAT THE MOTION
REMAIN ON THE LIST FOR 11/25/03.

11/07/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
MOTION - MOTION TO COMPEL ARBITRATION GRANTED ON 11/07/2003
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

11/07/2003 ORDER - COURT ORDER ENTERED ON 11/07/2003
DONALD H MARDEN , JUSTICE
DEFENDANT'S MOTION TO ARBITRATE MATTERS BETWEEN PLAINTIFF AND DEFENDANT-MAINE CENTREX IS
GRANTED; DEFENDANT'S MOTION TO ARBITRATE MATTERS BETWEEN PLAINTIFF AND DEFENDANTS JOHN
SHOSTAK AND CRAIG SHOSTAK IS DENIED; DEFENDANT'S MOTION TO STAY PROCEEDINGS AS TO
DEFENDANTS JOHN SHOSTAK AND CRAIG SHOSTAK IS DENIED; DEFENDANT' MOTION TO STAY PROCEEDINGS
AS TO MAINE CENTREX IS GRANTED; PLAINTIFF'S DISMISSAL OF MAINE CENTREX IS REJECTED;
PLAINTIFF'S AMENDED COMPLAINT IS REJECTED; REQUEST FOR HEARING IS  DENIED.  COPIES MAILED
TO ATTYS OF RECORD.

11/19/2003 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK
RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 11/19/2003
Defendant's Attorney: MARK FUREY
ANSWER TO COMPLAINT BY JOHN SHOSTAK, JR. AND CRAIG SHOSTAK AND COUNTERCLAIM, FILED.

11/24/2003 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 11/24/2003
Plaintiff's Attorney: STEPHEN E F LANGSDORF
PLAINTIFF'S ANSWERS TO COUNTERCLAIM, FILED.

01/22/2004 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 01/22/2004
        Plaintiff's Attorney:  STEPHEN E F LANGSDORF
        ADR SET FOR 2/26/04 AT 9:00AM BEFORE JAMES BOWIE, ESQ.


01/22/2004 ORDER - SCHEDULING ORDER ENTERED ON 11/19/2003
        DONALD H MARDEN , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL


01/22/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 07/19/2004


01/22/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 01/22/2004
        DONALD H MARDEN , JUSTICE


01/26/2004 Party(s):  MAINE CENTREX CORPORATION
        MOTION - MOTION TO DISMISS FILED ON 01/26/2004
        Defendant's Attorney: MARK FUREY
        MOTION OF DEFENDANT, MAINE CENTREX CORPORATION, FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS
        AGAINST IT AND INCORPORATED MEMORANDUM OF LAW; AFFIDAVIT OF MARK FUREY; REQUEST FOR
        HEARING AND PROPOSED ORDER, FILED.


02/13/2004 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
        OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/13/2004
        Plaintiff's Attorney:  STEPHEN E F LANGSDORF
        PLAINTIFF ROCKWOOD DEVELOPMENT CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION OF
        DEFENDANT MAINE CENTREX CORPORATION FOR DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST IT.


03/01/2004 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
        DISCOVERY FILING - NOTICE OF DEPOSITION FILED ON 03/01/2004
        Plaintiff's Attorney:  STEPHEN E F LANGSDORF
        SECOND AMNEDED DEPOSITION NOTICE OF CRAIG SHOSTAK SERVED ON MARK FUREY,ESQ. ON 2/24/04.


03/01/2004 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
        DISCOVERY FILING - NOTICE OF DEPOSITION FILED ON 03/01/2004
        Plaintiff's Attorney:  STEPHEN E F LANGSDORF
        AMENDED DEPOSITION NOTICE OF CRAIG SHOSTAK SERVED ON MARK FUREY, ESQ. ON 2/20/04.


03/03/2004 ORDER - REPORT OF ADR CONF/ORDER FILED ON 03/03/2004
        ADR REPORT, FILED.  MATTER UNRESOLVED.  S/J. BOWIE, NEUTRAL


03/03/2004 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 03/03/2004
        S/J. BOWIE, ESQ. NEUTRAL


03/04/2004 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 03/04/2004
        DONALD H MARDEN , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL


03/09/2004 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/08/2004
        Defendant's Attorney: MARK FUREY
        DEFENDANTS' REQUEST FOR ENTRY UPON LAND AND BUILDING AND/OR APPURTENANCES SERVED ON
        STEPHEN LANGSDORF, ESQ. ON 3/4/04.

03/17/2004 HEARING - MOTION TO DISMISS SCHEDULED FOR 04/21/2004
DONALD H MARDEN , JUSTICE


04/05/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION TO CONTINUE FILED ON 04/05/2004
Plaintiff's Attorney: STEPHEN E F LANGSDORF
PLAINTIFF'S MOTION TO CONTINUE HEARING, FILED. (NO OBJECTION)


04/07/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
DISCOVERY FILING - REQUEST FOR PRODUCTION FILED ON 04/07/2004
Defendant's Attorney: STEPHEN E F LANGSDORF
DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON STEPHEN LANGSDORF, ESQ. ON
4/5/04


04/09/2004 Party(s): MAINE CENTREX CORPORATION
MOTION - MOTION TO DISMISS GRANTED ON 04/08/2004
DONALD H MARDEN , JUSTICE
GRANTED IN PART. SEE ORDER ON MOTION.


04/09/2004 HEARING - MOTION TO DISMISS HELD ON 04/08/2004
DONALD H MARDEN , JUSTICE
ATTORNEY FUREY AND ATTORNEY LANGSDORF PRESENT.


04/09/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION TO CONTINUE GRANTED ON 04/08/2004
DONALD H MARDEN , JUSTICE
MOTION TO DISMISS CONTINUED TO 4/8/04 FOR HEARING.


04/09/2004 ORDER - COURT ORDER ENTERED ON 04/08/2004
DONALD H MARDEN , JUSTICE
DEFENDANT'S MOTION TO DISMISS IS GRANTED IN PART; PLAINTIFF WILL INITIATE ARBITRATION
PROCEEDINGS WITHIN 30 DAYS OF THE DATE OF THIS ORDER OR THE COMPLAINT AGAINST CENTREX
CORPORATION WILL BE DISMISSED; PLAINTIFF TO NOTIFY THE CLERK OF ITS COMPLIANCE WITH THIS
ORDER WITHIN ONE BUSINESS DAY OF THE EVENT. COPIES MAILED TO ATTYS OF RECORD.


04/12/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/12/2004
Defendant's Attorney: MARK FUREY
DEFENDANTS' SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON STEPHEN LANGSDORF,
ESQ. ON 4/12/04


04/14/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 04/13/2004
Plaintiff's Attorney: STEPHEN E F LANGSDORF
PLAINTIFF'S JURY TRIAL FEE IN THE AMOUNT OF $300.00, FILED.


04/16/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/16/2004
Defendant's Attorney: MARK FUREY
DEFENDANTS' AGREED TO MOTION TO EXTEND THE TIME WITHIN WHICH DEFENDANTS MUST DESIGNATE
EXPERT WITNESSES WITH PROPOSED ORDER.

04/22/2004 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/21/2004
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                          TIME TO
DESIGNATE EXPERT WITNESS EXTENDED TO 6/1/04.

05/12/2004 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/11/2004
Plaintiff's Attorney:  STEPHEN E F LANGSDORF
PLAINTIFF'S OBJECTION TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR PRODUCTION O F DOCUMENTS
SERVED ON MARK FUREY, ESQ. ON 5/10/04

05/17/2004 Party(s):  MAINE CENTREX CORPORATION
MOTION - MOTION TO DISMISS FILED ON 05/17/2004
Defendant's Attorney: MARK FUREY
MAINE CENTREX CORPORATION'S MOTION FOR DISMISSAL WITH PREJUDICE AND WITH COSTS AND
INCORPORATED MEMORANDUM OF LAW AND PROPOSED ORDER, FILED.

05/18/2004 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/18/2004
Plaintiff's Attorney:  STEPHEN E F LANGSDORF
PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED ON MARK FUREY, ESQ. ON 5/17/04

05/26/2004 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/26/2004
Defendant's Attorney: MARK FUREY
AGREED UPON MOTION OF THE DEFENDANTS FOR EXTENSION OF TIME WITHIN WHICH TO DESIGNATE
EXPERT WITNESSES WITH PROPOSED ORDER, FILED.

06/03/2004 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/02/2004
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                          TIME TO
DESIGNATE EXPERTS EXTENDED TO 7/1/04.

06/14/2004 Party(s):  MAINE CENTREX CORPORATION
MOTION - MOTION TO DISMISS GRANTED ON 06/11/2004
DONALD H MARDEN , JUSTICE
THE COMPLAINT AGAINST MAINE CENTREX IS DISMISSED WITH PREJUDIICE AND COSTS.COPIES MAILED
TO ATTYS.

06/14/2004 Party(s):  MAINE CENTREX CORPORATION
FINDING - PARTIAL DISMISSED W/ PREJUDICE ENTERED ON 06/11/2004
MAINE CENTREX

06/15/2004 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/15/2004
Plaintiff's Attorney:  STEPHEN E F LANGSDORF
PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF JOHN SHOSTAK SERVED ON MARK FUREY, ESQ.
ON 6/11/04

07/07/2004 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION

DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/01/2004
Defendant's Attorney: MARK FUREY
DEFENDANTS' DESIGNATION OF EXPERT WITNESSES SERVED ON STEPHEN LANGSDORF, ESQ. ON 6/30/04

07/20/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/19/2004
Defendant's Attorney: MARK FUREY
NOTICE OF DEPOSITIONS OF DIANE SHOSTAK AND JEFREY SHOSTAK SERVED ON STEPHEN LANSDORF, ESQ.
ON 7/16/04, FILED.

08/12/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/12/2004
Defendant's Attorney: MARK FUREY
NOTICE OF DEPOSITION OF DIANE SHOSTAK AND NOTICE OF DEPOSITION JEFFREY SHOSTAK SERVED ON
STEPHEN LANGSDORF, ESQ. ON 8/11/04

09/07/2004 ORDER - FAIL FILE STATEMENT OF COUNSEL ENTERED ON 09/07/2004
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL
                                              SANCTIONS OF $75.00 IMPOSED.  SANCTIONS
PAID ON 9/20/04.

09/16/2004 TRIAL - TRAILING LIST SCHEDULED FOR 11/08/2004
TRAILING LIST 11/8/04 TO 12/17/04.

09/27/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
MOTION - MOTION SUMMARY JUDGMENT FILED ON 09/27/2004
Defendant's Attorney: MARK FUREY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING MEMORANDUM OF LAW;STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED; AFFIDAVIT OF CRAIG
SHOSTAK IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT; AFFIDAVIT OF JOHN SHOSTAK, JR. IN
SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT; REQUEST FOR HEARING AND PROPOSED ORDER, FILED.

09/29/2004 ORDER - FINAL PRETRIAL ORDER ENTERED ON 09/29/2004
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

10/01/2004 TRIAL - TRAILING LIST CONTINUED ON 09/30/2004
DONALD H MARDEN , JUSTICE
CONTINUED TO 2005 TRIAL CALENDER

10/01/2004 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 09/30/2004
DONALD H MARDEN , JUSTICE
ATTORNEY LANGSDORF AND ATTY FUREY PRESENT AT CONFERENCE

10/18/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/18/2004
Plaintiff's Attorney:  STEPHEN E F LANGSDORF
MOTION TO EXTEND TIME FOR RESPONDING TO MOTION FOR SUMMARY JUDGMENT AND PROPOSED ORDER,
FILED.

10/19/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/18/2004
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                    TIME EXTENDED
TO 11/1/04.

11/01/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/01/2004
Plaintiff's Attorney: STEPHEN E F LANGSDORF
MOTION TO EXTEND TIME FOR RESPONDING TO MOTION FOR SUMMARY JUDGMENT AND PROPOSED ORDER,
FILED.

11/04/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
RESPONSIVE PLEADING - RESPONSE FILED ON 11/04/2004
Plaintiff's Attorney: STEPHEN E F LANGSDORF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH AFFIDAVIT OF JEFFREY
SHOSTAK

11/04/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
RESPONSIVE PLEADING - RESPONSE FILED ON 11/04/2004
Plaintiff's Attorney: STEPHEN E F LANGSDORF
PLAINTIFF'S RESPONSE TO DEFENDANTS' STATMENT OF MATERIAL FACTS AND  PLAINTIFF'S STATEMENT
OF MATERIAL FACTS

11/04/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/03/2004
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

11/16/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
OTHER FILING - REPLY MEMORANDUM FILED ON 11/15/2004
Defendant's Attorney: MARK FUREY
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THERI MOTION FOR SUMMARY JUDGMENT WITH SECOND
AFFIDAVIT OF JOHN SHOSTAK JR. IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

11/16/2004 Party(s): JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
RESPONSIVE PLEADING - RESPONSE FILED ON 11/15/2004
Defendant's Attorney: MARK FUREY
DEFENDANTS' RESONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

11/17/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
LETTER - FROM PARTY FILED ON 11/17/2004
Plaintiff's Attorney: STEPHEN E F LANGSDORF
LETTER INDICATING WITHDRAWAL OF REQUEST FOR A JURY TRIAL.

11/17/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION,JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX
           CORPORATION
JURY FILING - DEMAND FOR JURY TRIAL WITHDRAWN ON 11/17/2004
BY WAY OF LETTER.

12/22/2004 Party(s): ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME UNDER ADVISEMENT ON 12/21/2004

12/22/2004 HEARING - MOTION SUMMARY JUDGMENT HELD ON 12/21/2004
         DONALD H MARDEN , JUSTICE
         Defendant's Attorney: MARK FUREY
         Plaintiff's Attorney:  STEPHEN E F LANGSDORF       Reporter: PEGGY STOCKFORD
         HEARING HELD. COURT TO ISSUE ORDER.


01/31/2005 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
         MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 12/21/2004
         DONALD H MARDEN , JUSTICE


01/31/2005 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
         MOTION - MOTION SUMMARY JUDGMENT DENIED ON 01/27/2005
         DONALD H MARDEN , JUSTICE
         COPIES TO PARTIES/COUNSEL


01/31/2005 FINDING - JUDGMENT DETERMINATION ENTERED ON 01/27/2005
         DONALD H MARDEN , JUSTICE
         DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS DENIED.               COPIES TO
         PARTIES/COUNSEL


01/31/2005 ORDER - SUMMARY JUDGMENT ENTERED ON 01/27/2005
         DONALD H MARDEN , JUSTICE
         DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS DENIED.               COPIES TO
         PARTIES/COUNSEL


01/31/2005 ORDER - SUMMARY JUDGMENT COPY TO REPOSITORIES ON 01/31/2005


02/04/2005 HEARING - SETTLEMENT CONFERENCE REQUESTED ON 02/04/2005
         Plaintiff's Attorney:  STEPHEN E F LANGSDORF
         LETTER REQUESTING CONFERENCE WITH JUSTICE CROWLEY.
                                                    2/28/05 PER JUSTICE MARDEN SEND
         REQUEST TO DEBORAH SULLIVAN.


03/29/2005 HEARING - SETTLEMENT CONFERENCE SCHEDULED FOR 06/01/2005 @ 9:30
         ROBERT E CROWLEY , JUSTICE
         NOTICE TO PARTIES/COUNSEL                              CUMBERLAND
         SUPERIOR COURT


05/23/2005 HEARING - SETTLEMENT CONFERENCE CONTINUED ON 05/23/2005


05/23/2005 HEARING - SETTLEMENT CONFERENCE SCHEDULED FOR 06/10/2005 @ 9:00
         CARL O BRADFORD , JUSTICE
         NOTICE TO PARTIES/COUNSEL                              SET FOR 6/10/05
         AT 9:00AM IN PORTLAND.


05/24/2005 TRIAL - TRAILING LIST NOTICE SENT ON 05/24/2005
         TRAILING DOCKET FOR JULY, NOVEMBER AND DECEMBER.


06/10/2005 HEARING - SETTLEMENT CONFERENCE HELD ON 06/08/2005
         ROBERT E CROWLEY , JUSTICE
         SETTLEMENT CONFERENCE LASTED 6 HOURS.  CASE DID NOT SETTLE BUT PARTIES WILL CONTINUE TO
         CONFER.

07/01/2005 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION FOR SPECIAL ASSIGNMENT FILED ON 07/01/2005
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          JOINT MOTION FOR SPECIAL ASSIGNMENT WITH PROPOSED ORDER


07/05/2005 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION FOR SPECIAL ASSIGNMENT GRANTED ON 07/05/2005
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL


07/05/2005 TRIAL - BENCH SCHEDULED FOR 12/19/2005 @ 9:00
          DONALD H MARDEN , JUSTICE


12/08/2005 Party(s):  JOHN SHOSTAK JR
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/08/2005
          Defendant's Attorney: MARK FUREY


12/09/2005 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION IN LIMINE FILED ON 12/09/2005
          Defendant's Attorney: MARK FUREY
          DEFENDANTS' MOTION IN LIMINE TO BAR EVIDENCE OF CERTAIN ALLEDGED CONSTRUCTION
          DEFICIENCIES.


12/09/2005 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION IN LIMINE FILED ON 12/09/2005
          Defendant's Attorney: MARK FUREY
          DEFENDANTS' MOTION IN LIMINE TO BAR TESTIMONY OR OTHER EVIDENCE FROM JESSE MCDOUGAL


01/13/2006 TRIAL - BENCH HELD ON 12/19/2005
          DONALD H MARDEN , JUSTICE
          Defendant's Attorney: MARK FUREY
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF          Reporter: CASE ENOCH
          PLAINTIFF PRESENTS OPENING STATMENTS TO THE COURT. PLAINTIFF CALLS JEFFREY SHOSTAK, DIANE
          AND STEPHEN DOGDGE AS WITNESSES. PLAINTIFF RESTS. TRIAL RECESSES TO RESUME ON 12/20/06
                                        PLAINTIFF RESTS


01/13/2006 TRIAL - BENCH HELD ON 12/20/2005
          DONALD H MARDEN , JUSTICE
          Defendant's Attorney: MARK FUREY
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF          Reporter: CASE ENOCH
          DAY 2 CONTINUES WITH DEFENDANT'S TESTIMONY. DEFENDANT CALLS JAMES COFIN, THOMAS ELVIN,
          JOHN SOUCY AND JOHN SHOSTAK AS WITNESSES. TRIAL RECESSES TO RESUME ON 12/21/05


01/13/2006 TRIAL - BENCH HELD ON 12/21/2005
          DONALD H MARDEN , JUSTICE
          Defendant's Attorney: MARK FUREY
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF          Reporter: CASE ENOCH
          DAY 3 CONTINUES WITH TESTIMONY OF JOHN SHOSTAK. DEFENDANT CALLS CRAIG SHOSTAK AS A
          WITNESS. DEFENDANT RESTS. PLAINTIFF RESTS FINALLY.


01/13/2006 TRIAL - BENCH HELD ON 12/19/2005


01/13/2006 TRIAL - TRAILING LIST HELD ON 12/19/2005

01/13/2006 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/12/2006
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          MOTION TO EXTEND TIME FOR FILING TRIAL BRIEFS WITH PROPOSED ORDER.

01/19/2006 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION IN LIMINE GRANTED ON 12/19/2005
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL

01/19/2006 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
          MOTION - MOTION IN LIMINE GRANTED ON 12/19/2005
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL

01/23/2006 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/20/2006
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL                                        PLAINTIFF'S
          MOTION TO EXTEND TIME FOR FILING TRIAL BRIEF IS GRANTED. PLAINTIFF'S TRIAL BRIEF SHALL BE
          FILED ON JANUARY 31, 2006

02/06/2006 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/30/2006
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          MOTION TO EXTEND TIME FOR FILING TRIAL BRIEFS AND PROPOSED ORDER.

02/06/2006 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/06/2006
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL                                        TIME ENLARGED
          TO 2/7/06 FOR PLAINTIFFS.  DEFENDANTS BRIEF DUE 3/9/06 AND PLAINTIFF'S REPLY BRIEF SHALL
          BE FILED BY 3/23/06.

02/08/2006 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          OTHER FILING - CLOSING ARGUMENT/BRIEF FILED ON 02/07/2006
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF

03/13/2006 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK
          OTHER FILING - CLOSING ARGUMENT/BRIEF FILED ON 03/13/2006
          Defendant's Attorney: MARK FUREY
          DEFENDDANTS' CLOSING ARGUMENT, FILED.

03/23/2006 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          RESPONSIVE PLEADING - RESPONSE FILED ON 03/23/2006
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          PLAINTIFF'S RESPONSE TO DEFENDANTS'CLOSING ARGUMENTS

12/13/2006 ORDER - COURT ORDER ENTERED ON 12/12/2006
          DONALD H MARDEN , JUSTICE
          JUDGMENT FOR DEFENDANTS ON COUNTS II, III, IV, V, VI,, VII, VIII AND IX OF PLAINTIFF'S
          COMPLAINT; IT IS ORDERED THAT PLAINTIFF AND MAINE CENTREX CORPORATION THROUGH JOHN

SHOSTAK, JR. SHALL SUBMIT TO THIS COURT WITHIN 60 DAYS A FINAL ACCOUNTING IN ACCORDANCE
WITH THE TERMS OF THE STANDARD FORM OF AGREEMENT BETWEEN OWNER AND CONTRACTOR BETWEEN
ROCKWOOD DEVELOPMENT AND MAINE CENTREX CORPORATION DATED MARCH 21, 2000; THIS COURT
RETAINS JURISDICTION FOR PURPOSES OF FINAL JUDGMENT.  COPIES MAILED

12/13/2006 ORDER - COURT ORDER COPY TO REPOSITORIES ON 12/13/2006

02/13/2007 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/13/2007
Plaintiff's Attorney:  STEPHEN E F LANGSDORF
IN WHICH TO COMPLY WITH THE COURT'S ORDER WITH PROPOSED ORDER.

02/16/2007 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/15/2007
Defendant's Attorney: MARK FUREY
DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME.

02/22/2007 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/16/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                          EXTENSION
GRANTED TO 3/10/07.  THERE WILL BE NO FURTHER DELAYS.

03/13/2007 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/13/2007
Plaintiff's Attorney:  STEPHEN E F LANGSDORF
MOTION FOR EXTENSION OF TIME, PROPOSED ORDER.

03/15/2007 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/15/2007
Defendant's Attorney: MARK FUREY
DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME.

03/16/2007 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/16/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                          PLAINTIFF'S
FINAL EXTENSION IS GRANTED UNTIL 3/27/07.  HOWEVER, IF DEADLINE IS NOT MET, DEFENDANT MAY
CONDUCT AUDIT TO MEET THE COURT'S REQUIREMENT.

04/02/2007 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK
MOTION - MOTION ENTRY FINAL JUDGMENT FILED ON 04/02/2007
Defendant's Attorney: MARK FUREY
MOTION FOR ENTRY OF JUDGMENT ON COUNT I AND FOR ENTRY OF FINAL JUDGMENT AND MEMORANDUM OF
LAW, PROPOSED ORDER.

04/24/2007 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/24/2007
Defendant's Attorney: STEPHEN E F LANGSDORF
TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT WITH PROPOSED ORDER.

05/02/2007 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK,MAINE CENTREX CORPORATION
OTHER FILING - REPLY MEMORANDUM FILED ON 05/02/2007

Defendant's Attorney: MARK FUREY
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT IN THEIR
FAVOR ON COUNT 1 OF PLAINTIFF'S COMPLAINT AND FOR ENTRY OF FINAL JUDGMENT AND REQUEST FOR
HEARING.

07/16/2007 HEARING - MOTION ENTRY FINAL JUDGMENT SCHEDULED FOR 08/01/2007 @ 9:00

07/16/2007 HEARING - MOTION ENTRY FINAL JUDGMENT NOTICE SENT ON 07/12/2007

07/20/2007 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION TO CONTINUE FILED ON 07/19/2007
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          MOTION TO CONTINUE HEARING.  PROPOSED ORDER.

07/23/2007 Party(s):  ROCKWOOD DEVELOPMENT CORPORATION
          MOTION - MOTION TO CONTINUE GRANTED ON 07/20/2007
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL                                          CONTINUED TO
          9/5/07 @ 9:00AM

07/23/2007 HEARING - MOTION ENTRY FINAL JUDGMENT CONTINUED ON 07/20/2007
          DONALD H MARDEN , JUSTICE

08/10/2007 HEARING - MOTION ENTRY FINAL JUDGMENT SCHEDULED FOR 09/05/2007 @ 9:00

09/06/2007 HEARING - MOTION ENTRY FINAL JUDGMENT HELD ON 09/05/2007
          DONALD H MARDEN , JUSTICE
          Defendant's Attorney: MARK FUREY
          Plaintiff's Attorney:  STEPHEN E F LANGSDORF
          NO COURTROOM CLERK

09/06/2007 Party(s):  JOHN SHOSTAK JR,CRAIG SHOSTAK
          MOTION - MOTION ENTRY FINAL JUDGMENT UNDER ADVISEMENT ON 09/05/2007
          DONALD H MARDEN , JUSTICE

09/19/2007 FINDING - JUDGMENT DETERMINATION ENTERED ON 09/19/2007
          DONALD H MARDEN , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

          ORDER - COURT JUDGMENT ENTERED ON 09/19/2007
          DONALD H MARDEN , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL
          Judgment entered for JOHN SHOSTAK JR and against ROCKWOOD DEVELOPMENT CORPORATION.
          Judgment entered for ROCKWOOD DEVELOPMENT CORPORATION and against JOHN SHOSTAK JR. FINAL
          JUDGMENT AS TO THE REMAINING COURTS: JUDGMENT FOR DEENDANT ON COUNT 1 OF PLAINTIFFS COMPLAINT
          WITH COST  IN DUE COURSE: JUDGMENTFOR PLAINTOFF ON COUNTS I AND II OF DEENDANTS COUNTERCLAIM
          AND NO AWARD OF ATTORNEYS FEES

09/19/2007 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/19/2007

09/19/2007 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/19/2007

## Exhibits

12/19/2005 PLAINTIFF, Exhibit#5, MINUTES OF ANNUAL SHAREHOLDERS MEETING, Adm w/o obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#1, CONSTRUCTION AGREEMENT, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#2, GENERAL CONDITIONS OF CONTRACT, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#9, MAINE CENTREX REQUISTION #1, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#20, MAIN CENTREX REQUISTION #2, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#21, MAINE CENTREX REQUISITION #3, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#22, MAINE CENTREX REQUISITION #4, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#23, MAINE CENTREX REQUISITION #5, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#24, MAINE CENTREX REQUISITION #6, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#26, INVOICE FROM MAINE CENTREX CORPORATION, Adm w/o obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#25, CHECK FROM RDC TO MAINE CENTREX, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#27, CHECK FROM RDC TO MAINE CENTREX, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#28, PROJECT COST REPORT- COSTS FROM MAINE CENTREX, Adm w/o obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#29, ACCOUNTING REVIEW OF MAINE CENTREX, Adm w/o obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#30, PRELIMINARY ACCOUNTING REVIEW, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#31, COURT ORDER, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#32, REQUEST FOR ADMISSIONS, Deferred on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#33, RESPONSES TO REQUEST FOR ADMISSION, Deferred on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#34, PLAINTIFF'S RESPONSE TO DEFENDANT'S FOLLOW-UP, Adm w/o obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#4, MINUTES OF ROCKWOOD MEETING, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#6, LETTER TERMINATING LEASE, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#7, LETTER  ROM RDC TO CUMULUS, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#10, RDC COVER LETTER TO FIRE MARSHALL'S OFFICE, Adm w/o obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#11, CHECK FOR PERMIT, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#12, STATEMENT OF DEFICIENCIES, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#15, CONSTRUCTION PERMIT, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#18, SUMMARY OF COSTS FROM FIRE MARSHALL, Adm over obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#41, PHOTOPGRAPHS OF FLOORING, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#40, LETTER FROM SHOSTAK CONSTRUCTION WITH ESTIMATES OF FLOOR
          REPAIR, Adm w/o obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#42, LTERATURE REGARDING CONCRETE SLABS, Not Admitted on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#44, LETTER FROM RDC MAINE CENTREX, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#45, PICTURES OF PROBLEMS OF SIDEWALK, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#46, INVOICE OF SHOSTAK TO ROCKWOOD, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#47, LETTER FROM SHOSTAK TO ROCKWOOD, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#48, INVOICE FROM SHOSTAKE TO ROCKWOOD, Adm over obj on
          12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#49, FIRESTONE WARRANTY, Adm over obj on 12/19/2005.
12/19/2005 PLAINTIFF, Exhibit#53, LETTER FROM G & E ROOFING, Not Admitted on 12/19/2005.
12/20/2005 PLAINTIFF, Exhibit#8, COPY OF NOTE WRITTEN ON PLANS BY JOHN SOUCY, Adm w/o obj on
          12/20/2005.

12/20/2005 PLAINTIFF, Exhibit#54, CERTIFICATE OF HANDICAP EXCESSABILITY, Adm w/o obj on 12/20/2005.
12/21/2005 PLAINTIFF, Exhibit#55, LETTER DATED 2/01 FROM DIANE SHOSTAK, Adm w/o obj on 12/21/2005.
12/21/2005 PLAINTIFF, Exhibit#56, FAX COVER SHEET FROM BARRY DUNN TO DIANE SHOSTAK, Adm w/o obj on 12/21/2005.
12/21/2005 PLAINTIFF, Exhibit#58, COPY OF PLAN PREPARED BY JIM COFFIN SUBMITTED TO THE CITY OF HALLOWELL FOR APPROVAL, Not Admitted on 12/21/2005.
12/21/2005 PLAINTIFF, Exhibit#59, LETTER TO JOHN SHOSTAK 3/16/01, Marked on 12/21/2005.
12/21/2005 PLAINTIFF, Exhibit#60, LETTER DATED 5/01 TO JOHN SHOSTAK 2ND LETTER ACCOUNT REVIEW, Marked on 12/21/2005.
12/19/2005 DEFENDANT, Exhibit#6, COPY OF STANDARD FORM AGREEMENT, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#11, DOCUMENTS OF MEETING, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#24, BY LAWS FO ROCKWOOD DEVELOPMENT CORPORATED, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#1, LEASE BETWEEN ROCKWOOD & CUMMILUS, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#21, MINUTES OF SPECIAL MEETING, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#2, SETTLEMENT AGREEMENT, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#4, MUTUAL RELEASE TERMS OF ROCKWOOD DEVELOPMENT, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#12, MINUTES OF SHAREHOLDERS MEETINGS, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#30, STATUTE DOCUMENTS, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#60, LETTER FROM JEFF SHOSTAK OF PLAN TO CORRECT DEFFICIENCY IN CUMMILUS BUILDING., Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#61, LETTER OF EFFICIENCY, Adm w/o obj on 12/19/2005.
12/19/2005 DEFENDANT, Exhibit#63, FILE OF FIRE MARSHALL OFFICE OF CUMMILUS BUILDING PERMIT ISSUANCE, Adm w/o obj on 12/19/2005.
12/20/2005 DEFENDANT, Exhibit#46, DOCUMENTATION OF INSPECTION  FROM FIRESTONE, Adm over obj on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#39, LETTER FROM THOMAS COFIN TO JOHN SHOSTAK, Not Admitted on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#26, PERMIT NUMBER PHASE 1 CERTIFICATE OF OCCUPANCY, Adm w/o obj on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#7, PROJECT MANUEL, Adm w/o obj on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#17, MINUTES OF SPECIAL MEETING OF BOARD OF DIRECTORS, Adm w/o obj on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#18, MINUTES OF SPECIAL MEETING OF LEASE AGREEMENT, Adm w/o obj on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#49, BILL FROM MAINE CENTREX TO ROCKWOOD, Adm w/o obj on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#52, SUMMARY OF INVOICES THAT MAINE CENTREX INCURRED DURING CONSTRUCTION OF CUMMILUS, Adm w/o obj on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#52A, REFERENCE NOTE OF EXHIBIT, Offered on 12/20/2005.
12/20/2005 DEFENDANT, Exhibit#52B, REFERENCE NOTE OF EXHIBIT, Offered on 12/20/2005.
12/21/2005 DEFENDANT, Exhibit#53, MINUTES OF ANNUAL MEETING, Adm w/o obj on 12/21/2005.
12/21/2005 DEFENDANT, Exhibit#25, ORDER FROM DEP FOR PERMIT, Offered on 12/21/2005.
12/21/2005 DEFENDANT, Exhibit#27, BUILDING PERMIT, Offered on 12/21/2005.

A TRUE COPY
ATTEST: _____
                        Clerk                              .